UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| OLIVER C & I CORP., <br><br> **Appellant,** <br><br> v. <br><br> CAROLINA DEVELOPERS S. en C. Por A., S.E., *et al.*, <br><br> **Appellees**. | Civil No. 20-1188 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Appellant Oliver C & I Corporation (hereinafter "Oliver") moves for leave to file an interlocutory appeal. (Docket No. 2, Ex. 1.) For the reasons set forth below, Oliver's motion is **DENIED**.

I. **Background**

Oliver filed a voluntary petition pursuant to Chapter 11 of the Bankruptcy Code on October 17, 2016. In re Oliver C & I Corp., Case No. 16-83011 (MCF), Docket No. 1. Eight months later, Oliver commenced an adversary proceeding against Mercantil Mayagüez Associates S. en C. por A., S.E. ("Mercantil Mayagüez"), Mercantil San Patricio Associates S. en. C. por A., S.E. ("Mercantil San Patricio"), and other parties not relevant to this action (hereinafter, "partnerships"). Oliver C & I Corp. v. Carolina Developers Assocs. S. en. C. Por A., S.E., Adv. No. 17-166 (MCF),

Docket No. 1. Mercantil Mayagüez and Mercantil San Patricio conduct real estate "development, construction, management and sales." Id. at p. 12. Oliver owns 50% of the shares in both Mercantil Mayagüez and Mercantil San Patricio. Id. at p. 11. According to the complaint, the Mercantil Mayagüez and Mercantil San Patricio board of directors and shareholders violated various partnership agreements. Id.

On October 24, 2019, Oliver filed an urgent motion for a temporary restraining order and preliminary injunction in the adversary proceeding. (Adv. No. 17-166, Docket No. 172.) The board of directors at Mercantil Mayagüez and Mercantil San Patricio held a shareholder meeting that same day, voting to transfer $671,287.35 "from the excess rent reserve account [to satisfy] an obligation incurred by three other entities where [Oliver] holds no participation." Id. at p. 2. Oliver objected to the transfer, arguing that these funds "should [instead] be used to provide payment to [the bankruptcy] creditors, mostly Hacienda because [of] Debtor's taxing obligations." Id. at p. 3. The next day, the United States Bankruptcy Judge denied the motion for a temporary restraining order. (Docket No. 174.)

After conducting a preliminary injunction hearing on November 26, 2019, the bankruptcy court denied Oliver's motion *in toto*. (Docket No. 197.) Oliver's motion failed for two reasons. First, the $671,287.35 belonged to Mercantil Mayagüez and Mercantil San

Patricio, not the bankruptcy estate. Second, Oliver failed to establish that the transfer of funds resulted in irreparable harm.

### A. Partnership Assets are not Property of the Bankruptcy Estate

The parties submitted written briefs concerning ownership of the $671,287.35 in anticipation of the preliminary injunction hearing. (Docket Nos. 172, 176, 189 & 192.) "Both parties agree[d] that the determination of property of the estate is a legal issue." (Docket No. 199 at p. 3.) Before hearing oral argument, the bankruptcy court set forth fundamental principles of corporate law, noting that:

> The Bankruptcy Code accords a corporation the status of a person, and treats it as a separate, legal entity distinct from its shareholders . . . As a result, it is well-settled that assets owned by a corporation are not included in the bankruptcy estate of an individual shareholder. A debtor's shares in a corporation become part of the bankruptcy estate. The assets of the corporation do not.

Id. at p. 4 (quoting In re Billingsley, 338 B.R. 372, 375 (C.D. Ill. 2006) (holding that "the assets of a corporation may not be administered in the bankruptcy estate of an individual shareholder") (citation omitted)). In a related vein, "[any] property owned by [a] partnership itself is not" property of the partner's bankruptcy estate. Id. at p. 4 (quoting In re Schlein, 178 B.R. 82, 85 (Bankr. E.D. Pa. 1995).

The $671,287.35 belongs to the partnerships, separate and distinct from the shares owned by Oliver in Mercantil Mayagüez

Case 3:20-cv-01188-FAB   Document 14   Filed 10/30/20   Page 4 of 9

Civil No. 20-1188 (FAB)                                                    4

and Mercantil San Patricio.  Accordingly, the bankruptcy court held that the $671,287.35 is "not property of this bankruptcy estate, it is [an] asset for the partnerships San Patricio S.E. and Mayagüez S.E." Id.

The purported violations of the partnership agreements raised non-core causes of action pursuant to Puerto Rico Law. Id. at p. 5 (citing Laws P.R. Ann. tit 10, § 1341).  Consequently, the bankruptcy court refrained from adjudicating "issues of corporate and partnership governance." Id. at p. 5.  Oliver subsequently commenced two civil actions in the Commonwealth of Puerto Rico Court of First Instance "to pursue some of the [claims] which the Bankruptcy Court declined to exert jurisdiction." (Case No. 20-1188, Docket No. 12 at p. 3.)

**B. Irreparable Harm**

To prevail on the preliminary injunction motion, Oliver had to establish:  (1) likelihood of success on the merits; (2) the potential for irreparable harm if the bankruptcy court denied the injunction; (3) the balance of the relevant equities (*i.e.*, the hardship that will befall the partnerships if the injunction issues contrasted with the hardship that will befall Oliver if the injunction does not issue); and (4) the effect of the ruling on the public interest. Planned Parenthood League v. Bellotti, 641 F.2d 1006, 1009 (1st Cir. 1981).

Irreparable harm "constitutes a necessary threshold showing for an award of preliminary injunctive relief." González-Droz v. González-Colón, 573 F.3d 75, 79 (1st Cir. 2009). It is hornbook law that a request for monetary damages "does not amount to an irreparable injury." Id. (citing Ross-Simons of Warwick v. Baccarat, Inc., 102 F.2d 12, 19 (1st Cir. 1996)). Oliver requested that the bankruptcy court enjoin Mercantil Mayagüez and Mercantil San Patricio from "entering into or signing any kind of agreement, contract or the like to use, subordinate or use in any shape or form the excess cash reserve amount (with the amount of $671,287.35)". (Case No. 17-166, Docket No. 172 at p. 14.) That "the alleged harm [could] be remedied by an award of monetary damages" proved fatal to the preliminary injunction motion. (Docket No. 199 at p. 6.) Accordingly, the bankruptcy court denied the motion for preliminary injunction. Id.

Oliver moved for reconsideration. (Docket No. 200.) The bankruptcy court denied the motion for reconsideration, reiterating that pursuant to "the standard established by the First Circuit Court of Appeals, [Oliver's] request for preliminary injunction is ineligible." (Docket No. 203.) On April 8, 2020, Oliver filed a timely notice of appeal. (Docket No. 205.)

## II. Oliver's Motion for Leave to File an Interlocutory Appeal

An aggrieved party may appeal to the district court "as of right from a bankruptcy court's final judgment, order, or decree."

Rodríguez-Quesada v. United States, 222 B.R. 193, 196 (D.P.R. 1998) (Casellas, J.) (citation omitted); see U.S.C. § 158(a)(1). The denial of a preliminary injunction is, however, an interlocutory order. In re Branch of New England Corp., 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998) (quoting In re Caribbean Tubular Corp. 813 F.2d 533, 535 n.3 (1st Cir. 1987) (holding that an appeal from an order denying injunctive relief "is unquestionably interlocutory in character")). Appellate review of an interlocutory order requires leave of the court. 28 U.S.C. § 158 ("district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees").

The standard set forth in 28 U.S.C. section 1292(b) ("section 1292") governs the Court's analysis. Borges v. Lugo-Mender, 938 F. Supp. 2d 202, 212 (D.P.R. 2013) (holding that "most courts have adopted the standard used under 28 U.S.C. § 1292" in actions involving interlocutory appeals from the bankruptcy court) (Casellas, J.) (citation omitted). This provision authorizes appellate courts to review "[interlocutory] orders of district courts of the United States . . . or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(b); Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 67 (1st Cir. 2005) (holding that appellate courts "have jurisdiction over an interlocutory order granting or denying a preliminary injunction") (citation omitted).

There is, however, a "greater measure of flexibility [in the bankruptcy context]" regarding leave to appeal interlocutory orders. Murphy v. IRS, 554 B.R. 533, 534 (D. Me. 2014).

Pursuant to section 1292, an interlocutory appeal is proper if the issue in controversy: "(1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." In re Watman, 304 B.R. 553, 559 (B.A.P. 1st Cir. 2004). Appellate review is reserved for those "rare cases where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Id. (citing In re Branch of New England, 218 B.R. at 653); see P.R. Asphalt, LLC v. Betteroads Asphalt, LLC, Case No. 02-079, 2020 U.S. Dist. LEXIS 94701 at *26 (D.P.R. May 29, 2020) (holding that "courts must bear in mind that interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances") (Delgado-Colón, J.) (citation omitted). Ultimately, leave to appeal an interlocutory order falls within the sound discretion of the district court. 28 U.S.C. § 158(a); In re G.S.F. Corp., 938 F.2d 1467, 1473 (1st Cir. 1991) (holding that "whether to take jurisdiction [of an interlocutory order issued by the bankruptcy court] rested entirely within the discretion of the district court").

## III. Discussion

Oliver's motion for leave to file an appeal is unavailing. Denial of the preliminary injunction is consistent with prevailing precedent. To demonstrate irreparable harm, Oliver must establish that legal remedies are inadequate. Idaho v. Coeur D'Alene Tribe, 521 U.S. 261, 292 (1997) (holding that the "inadequacy of a legal remedy is a prerequisite for equitable relief in any case"); See Infusaid Corp. v. Intermedics Infusaid, Inc., 739 F.2d 661, 668 (1st Cir. 1984) ("[T]he general rule is if there is an adequate remedy at law, equitable relief is unavailable."). "Legal remedies traditionally involve money damages [whereas equitable remedies] are 'typically coercive, and are enforceable directly on the person or thing to which they are directed.'" Int'l Fin. Servs. Corp. v. Chromas Techs. Canada, Inc., 356 F.3d 731, 736 (7th Cir. 2004).

The proposed injunction pertaining to the $671,287.35 is a tacit request for monetary damages arising from a contract dispute between Oliver and the partnerships. There is no "substantial ground for a difference of opinion" regarding the impropriety of injunctive relief when pecuniary damages are a sufficient remedy to make the wronged party whole. Cf In re Quigley Co., 323 B.R. 70, 77 (S.D.N.Y. 2005) (denying motion for leave to file an interlocutory appeal because "the Bankruptcy Court was not acting contrary to law when it issued to Preliminary Injunction").

Oliver asserts that the bankruptcy court "disregarded its jurisdiction to protect the interest of the Debtor in [Mercantil Mayagüez and Mercantil San Patricio]." The bankruptcy court held, however, that the $671,287.35 is not property of the estate, citing ample authority in support of this proposition. Docket No. 203 (citing cases). Oliver cites no precedent or authority either to controvert the bankruptcy court's order, or to demonstrate that the bankruptcy estate extends to property owned by a partnership. Accordingly, the motion for leave to file an interlocutory appeal is **DENIED**.

## IV. Conclusion

For the reasons set forth above, Oliver's motion for leave to file an interlocutory appeal is **DENIED**. (Docket No. 2, Ex. 1.)

Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, October 30, 2020.

                                       s/ Francisco A. Besosa
                                       FRANCISCO A. BESOSA
                                       UNITED STATES DISTRICT JUDGE